ROBERT AYER *versus* JOHN WOODMAN & *al.*

A certificate of two justices of the peace and of the quorum, showing that the creditor had been duly notified, and that the debtor had taken the oath prescribed by the statute for the relief of poor debtors, may be amended by them after it has once been signed, by stating by whom they were selected as justices.

The mere fact that a justice of the peace and of the quorum has issued a citation to the creditor, does not disqualify him from acting in the same case in the examination of the debtor.

When the justices have been selected according to the provisions of the statute and have entered upon the performance of their duties, preparatory to the examination of the debtor, neither party can interrupt the performance of them by denying, or attempting to revoke, the authority of one of the justices, without the consent of the parties interested.

Where the official certificate of two justices of the peace and of the quorum, of their doings in the examination of a poor debtor, had been introduced in evidence, and both justices had been examined as witnesses at the trial, and their testimony in relation to facts, stated in the certificate, was conflicting, it is admissible as evidence tending to corroborate the statement of one of them.

Remarks which do not state any rule or principle of law, made by the presiding Judge at a trial, upon the testimony, are not the proper subject for consideration for the whole Court.

THIS was an action of debt upon a bond, dated June 24, 1841, given to procure the release of John Woodman from an arrest, made on an execution in favor of the plaintiff against him. The defendants read in evidence, at the trial before TENNEY J. a certificate signed by Fowler and Purinton, two justices of the peace and of the quorum. The plaintiff was cited to appear on Dec. 18, and the certificate was dated Dec. 21. To the admission of this certificate the plaintiff excepted, but the exceptions do not state the ground of objection. It was admitted. Several witnesses testified to doings and sayings said to have taken place before, at and after the time the justices were selected and acted, in granting the certificate that they had administered the poor debtor's oath to Woodman. This evidence will be sufficiently disclosed by the instructions of the Judge at the trial and in the opinion of the Court.

The presiding Judge instructed the jury, that if said Smith, being an attorney at law in this Court, did make the selection of a justice as the attorney of the plaintiff, and held himself out as such, the plaintiff would be bound by his acts, there being no evidence that he was not his attorney ; that it was not necessary that the selection should be made in express terms, but the jury would be authorized to infer it from facts in the case, if such facts satisfied them that it was made ; that if the counsel for the plaintiff held out by acts or words, at the time of the return of the citation, that he was willing that Purinton should act as the justice selected by him, and the debtor had reason to believe therefrom, that the selection and appointment was so made, it would be equivalent to an appointment, although they might now suppose that such was not his design ; that if he wished to mislead the debtor and induce him to suppose, that he had made choice of Purinton, that the plaintiff cannot avail himself of such intention, but the jury would look at the acts and declarations of the plaintiff's counsel, and give to them the same effect, as if made in sincerity ; that if the counsel for the plaintiff made such appointment on Dec. 18, and it was agreed between him and Woodman in the presence of the justices that Purinton should act as a justice, unless the plaintiff should bring another at the time to which the matter was adjourned, and he did not bring another, it would be the same as if he had made an unconditional agreement that Purinton should act, and it was not competent for him to revoke it afterwards, even if it were before they proceeded in the matter ; and that the testimony offered by the defendants to prove a selection of a justice by the plaintiff's counsel, might be considered as corroborated by the allegation of the fact in the certificate of the justices, as that certificate was a fact in the case for their consideration. On the return of a verdict against him, the counsel for the plaintiff filed exceptions to the rulings and instructions of the Judge.

*H. A. Smith*, for the plaintiff, among other grounds, contended : —

That there was but one justice selected on the 18th, that one justice could not legally adjourn, and that therefore the proceedings on the twenty-first of Dec. were void. Rev. St. c. 148, § 24.

The justice, who signed the citation, could not legally act as a justice on the examination. 1 Mass. R. 158; 7 Mass. R. 74. Notice to the creditor of the time and place is essential to the jurisdiction of the justices. Whether both justices acted on the 18th was a question of fact for the decision of the jury.

The certificate should not have been admitted. It was not the original certificate, nor a copy of the original record, but a paper manufactured for the occasion, since the commencement of the action. There was nothing to amend by, and so no amendment could be made. *Colby* v. *Moody,* 19 Maine R. 111; 4 Metc. 455.

Purinton did not act on the day named in the citation, and no authority given for him to act at another time, could remedy the omission to have a Court the first day.

The Judge erred also in saying, that if the appointment had once been made, it could not be revoked, although no act had been done under it. 4 Greenl. 459.

*Noyes,* for the defendants, said that the jury had settled, under the instructions, that the Court was organized on the day named in the citation, and that both justices acted in the adjournment, which was made at the request of the plaintiff's counsel.

The certificate of the justices, that they were selected in the manner required by law, is *prima facie* evidence of that fact; and of course proper evidence in corroboration of the testimony of the witnesses. 18 Maine R. 342; 19 Maine R. 111; 4 Metc. 455.

The instruction of the Judge was correct, that if the attorney for the plaintiff so conducted himself at the time, as to induce the defendants to believe that he had selected Purinton as a justice, it was not competent for the plaintiff to deny that

fact.   He cannot now set up his fraudulent acts for his own advantage.   The proof, therefore, that this was a contrivance, and that he did not intend in fact to appoint one, cannot now avail him.   8 Wend. 483 ; 6 Ado. & El. 474 ; 21 Maine R. 130 ; 18 Maine R. 145.

When an appointment of both the justices has been made, they are the tribunal for that purpose, and it is not in the power of one party to change it.   The statute provides for but one appointment.

Nor does the statute, c. 148, § 46, point out the mode in which the selection shall be made.   The jury are to decide whether one was, or was not, actually made.

The opinion of the Court was drawn up by

SHEPLEY J — This suit is upon a poor debtor's bond.   The defendants introduced a certificate signed by two justices of the peace and of the quorum shewing, that the creditor had been duly notified and that the debtor had taken the oath prescribed by the statute for the relief of poor debtors, c. 148, § 28.   This certificate had been made since the commencement of the suit.   The justices had previously made another certificate according to the form prescribed by the statute, which did not state, that one of the justices had been selected by the creditor and the other by the debtor.   The statement of a fact, which must exist, if the proceedings were legal, though not required by the prescribed form, would seem to be appropriate and desirable ; and its insertion would not destroy the effect of a certificate otherwise formed.   It has been decided, that the delivery of the certificate to the prison keeper is not essential to the performance of the condition of the bond.   And that the form of it may be amended or varied in accordance with the truth after the commencement of the suit.   The last certificate only accomplishes the same purpose in a little different form.

The objection, that the notice was returned before one justice only, who ordered a continuance according to the agreement of the parties, cannot prevail.   The jury have

found, that the justices were selected before the continuance was ordered. Whether they were authorized by the testimony to come to such a conclusion cannot be the subject of inquiry and consideration under a bill of exceptions. Nor can the objection prevail, that the justice, who issued the citation, could not legally act in the subsequent proceedings. Any justice of the peace of the county is authorized by the twenty-first section to issue the citation. The twenty-fourth section requires that the examination shall be before two disinterested justices of the peace and of the quorum. The mere fact, that a justice has issued a citation, cannot prevent his being regarded as disinterested, and being otherwise qualified, he will come within the provisions of the statute, and be authorized to act. The instructions relating to the right of the party to revoke the authority of the justice, who has been selected by him, do not admit of a construction, that his right to do so was denied, if exercised before the justice had entered upon the performance of the duty. They did but state in effect, that if the plaintiff, by his attorney, had, on December 18, selected a justice, who had so far entered upon the performance of his duties as to concur in an order for a continuance, and had agreed, that such justice should continue to act at the adjournment on December 20, unless he should bring with him another justice to perform those duties, he could not revoke the authority so imparted and existing, without complying with the condition upon which that right had been reserved to him. When the tribunal has been organized according to the provisions of the statute, and has entered upon the performance of its duties, neither party can interrupt the performance of them by denying or attempting to revoke the authority of one of the justices, without the consent of the parties interested. The instruction, " that the testimony offered by the defendants, to prove a selection by plaintiff's counsel, might be considered as corroborated by the allegation of the fact in the certificate of the justices," must, like all other instructions, be considered with reference to the state of facts to which it was applied. One of the justices had been called by the plaintiff and had

testified. The other had been called by the defendants and had testified. Their testimony was not in perfect accordance. The jury must endeavor to ascertain the truth from their testimony considered in connexion with the other facts and circumstances. They had both signed a certificate under the sanction of their official oaths and characters stating, that one of them had been selected for the creditor. This was to be considered, and it could not be erroneous to state, that the testimony of the one, who stated that fact on the trial, might be corroborated, or the opposing testimony weakened, by the fact, that both had before signed a paper stating the same thing.

It is urged that the signature of one of the justices was obtained to that certificate by the fraud or misrepresentation of the other. It does not appear, that any such point was made at the trial. If so, it would have been the proper subject for the consideration and decision of the jury; but the Court cannot act upon any such state of facts.

It is not perceived, that there was any error in the other instructions. Remarks, which do not state any rule or principle of law, made by a presiding judge upon the testimony, are not the proper subject for consideration before a court of law. In this case those, which are considered by the plaintiff's counsel as unauthorized or uncalled for by the testimony, appear to have been made only hypothetically.

*Exceptions overruled.*